MARLENE G. WEINSTEIN, ESQ. (Bar No. 079429)
LAW OFFICE OF MARLENE G. WEINSTEIN
1350 Treat Boulevard, Suite 420
Walnut Creek, California 94597
Telephone: (925) 472-0800
Facsimile: (925) 472-0862

Attorney for Trustee
KARI BOWYER

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**THUAN-VU D HO,**<br><br>　　　　　　Debtor. | Case No. 14-50354 SLJ-7<br>Chapter 7<br><br>**MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY, SUBJECT TO OVERBID, AND PAYMENT OF REAL ESTATE COMMISSIONS**<br><br>Date: December 9, 2015<br>Time: 2:00 p.m.<br>Place: Courtroom 3099<br>　　　　280 South First St.<br>　　　　San Jose, California<br>Judge: Hon. Stephen L. Johnson |

　　　Kari Bowyer, Chapter 7 trustee ("Trustee") of the bankruptcy estate of debtor, Thuan-Vu D Ho ("Debtor"), hereby files this Motion for Order Authorizing Sale of Real Property, Subject to Overbid, and Payment of Real Estate Commissions, and represents as hereinafter set forth.

　　　1.　Debtor filed his voluntary Chapter 7 bankruptcy petition on January 30, 2014.
///

Motion For Order Approving
Compromise of Controversy　　　　1

2. In connection with settlement of an adversary proceeding approved by the Court, the estate acquired the real property located at 24563 Corte Jaramillo, Murietta, California, Assessor's Parcel Number 949-384-003-4 (the "Property"). The Property is a single-family home and a rental property. The legal description of the Property is as follows:

> Lot 56 of Tract No. 23050-1, in the City of Murietta, County of Riverside, State of California, As Per Map Recorded in Book 203, Pages 9 through 14 inclusive of Maps, in the Office of the County Recorder of Said County.

3. The Trustee has accepted an offer from, and seeks authority to sell all of the estate's right, title and interest in the Property to, the current tenants of the Property, Lawrence Segura and Melissa Segura (the "Buyers"), for the purchase price of $370,000 ("Purchase Price") as set forth in a Residential Purchase Agreement, Addendum to Purchase Agreement and Seller Counter Offer No. 1 (collectively the "Purchase Agreement"). Pursuant to the Purchase Agreement, the Buyers will receive a $2,075 credit for their security deposit previously paid against the Purchase Price. In addition to the Purchase Price, the Buyers will continue to pay rent of $2,075 per month through close of escrow or until the rental terms expires on December 1, 2015, whichever is later. The Trustee has accepted the offer of the Buyers subject to (a) Bankruptcy Court approval and (b) the opportunity for other parties to submit overbids. There are no contingencies in this sale. The sale of the Property is on an as-is, where-is basis with no representations or warranties by the Trustee.

///

4. The Purchase Agreement replaced a previously submitted offer from Buyers with the same terms which appeared to provide for a dual broker as further explained in the Trustee's declaration filed contemporaneously herewith.

5. The Trustee listed the Property for sale at $429,000 in June immediately after title was transferred to the estate. Several open houses were held. She received only the one offer from Buyers who are also the current tenants of the Property. Based on the Trustee's marketing efforts and the advice of her broker, she has concluded that the sale to the Buyers for $370,000 represents a fair market value. Notwithstanding, she is continuing to market the Property and will do so subsequent to the filing of this motion. She will advise all potentially interested parties of the opportunity to submit overbids as set forth below.

6. The Trustee requests that in the event the Buyers do not close the transaction, that she be authorized to sell the Property on the same terms and at the same price to an alternate purchaser without a further order of the Court.

7. The Trustee also requests authority to take whatever actions are necessary to consummate the transactions provided for herein, including the execution of documents.

8. Further, the Trustee will retain the right to negotiate minor changes to the Purchase Agreement, including minor changes to the price, without further Court order.

9. Based upon the Residential Listing Agreement entered into between the Trustee and Steven M. Speier of American Spectrum Management Group, Inc. ("Trustee's Broker"), since Buyers do not have a broker, the Trustee intends to pay a real estate commission

equivalent to four percent (4%) of the gross sales price to Trustee's Broker.

10. In the event there is a successful overbid and the buyer is represented by a broker, the real estate commission to be paid by the Trustee will be equivalent to five percent (5%) of the gross sales price, which would be split between the Trustee's Broker and the broker of any successful overbidder.

11. Regardless of whether the Court authorizes the sale of the Property to Buyers or to a successful overbidder, Trustee's Broker has agreed that the following costs to be paid by the Trustee pursuant to the terms of the Purchase Agreement shall be paid by Trustee's Broker and deducted from the commission otherwise payable to Trustee's Broker:

    a. Owner's title insurance policy;

    b. County and/or city transfer tax or fee; and,

    c. Homeowner's Association ("HOA") transfer fee and/or any and all HOA fees, if any.

12. The Trustee will be paying from escrow amounts secured by the first priority deed of trust (estimated to be $250,000), real estate commissions, any real estate tax due (approximately $4,000/year) prorated between Buyers and the Trustee, and ordinary costs of sale according to custom subject to the exceptions with regard to costs paid by Trustee's Broker as set forth above.

13. <u>Overbid Terms</u>: One of the conditions of the offer is that it is subject to overbids. Trustee submits the following terms and conditions for the submission of overbids to purchase the Property:

    a. The Trustee has given Buyers "overbid protection" of $5,000. Therefore, the minimum overbid must be at least $375,000;

Motion For Order Approving
Compromise of Controversy    4

Case: 14-50354   Doc# 56   Filed: 10/29/15   Entered: 10/29/15 12:47:19   Page 4 of 7

b. After the first overbid, the amount of bidding increments will thereafter be no less than $1,000;

c. Bids must be an all cash offer or pre-approved loan, and the offer must not contain loan contingencies, inspection contingencies or any other contingencies. Overbids must be in writing, submitted without condition, and must be on the same terms as Buyers' offer with the exception that any offer must include a provision that states the buyer is purchasing the Property subject to the tenancy of Buyers and the current lease and further, that the deposit shall be $5,000.

d. The written overbid shall be accompanied by a deposit of $5,000 in the form of a cashier' check or other certified funds payable to "Kari Bowyer, Trustee" and delivered to the Trustee in care of Trustee's counsel at the address set forth above, <u>no later than 12:00 p.m. on Monday, November 30, 2015</u>. Deposit checks will be held by counsel until completion of the auction referred to and described below.

e. If the successful bidder fails to consummate the purchase, the $5,000 deposit will NOT be refunded to the successful bidder, but will be retained by the Trustee as liquidated damages. Deposits will be returned to the unsuccessful bidders, other than the backup offer, upon the conclusion of the auction.

f. In the event the Trustee receives any overbids, the overbid auction will take place on <u>Friday, December 4, 2015, at 2:00 p.m.</u> at the Property.

g. The bidder will be required to close escrow within thirty (30) days of entry of an order of the Bankruptcy Court approving the sale.

Motion For Order Approving
Compromise of Controversy       5

Case: 14-50354   Doc# 56   Filed: 10/29/15   Entered: 10/29/15 12:47:19   Page 5 of 7

h. The sale is expressly subject to approval of the United States Bankruptcy Court for the Northern District of California.

i. The sale will be on an as-is, where-is basis, without any representations or warranties, express or implied. Any disputes with respect to the sale will be resolved by the United States Bankruptcy Court in its sole and complete discretion.

j. The Trustee may accept a backup offer at the auction.

k. The Trustee reserves the right, in her sole discretion, to refuse bids which do not, in her sole opinion, conform with the terms of the sale, to modify these terms and conditions or to continue the sale from time to time. The Trustee, in her sole discretion, will determine the highest and best bid.

l. Bidders or representatives of the bidders may have an opportunity to attend the auction telephonically, at the Trustee's discretion.

14. Parties interested in submitting overbids should arrange for inspections as soon as possible by contacting Trustee's Broker, Steven M. Speier of American Spectrum Management Group, Inc. at sspeier@asrmanagement.com, 949-753-5863 or 949-510-4018. The Trustee is selling the Property in its "as is" condition without any representation or warranty. She expects any overbid to be submitted without inspection or financing contingencies.

15. If no qualifying overbid is received (and no objection to the sale is filed), the Trustee will request entry of an order by the Bankruptcy Court authorizing the sale to the Buyers for $370,000.

Case: 14-50354    Doc# 56    Filed: 10/29/15    Entered: 10/29/15 12:47:19    Page 6 of 7

16. It is the Trustee's intent to request a waiver of any stay on the effectiveness of the order imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

**WHEREFORE,** the Trustee requests entry of an order authorizing the relief sought above.

Dated: October 29, 2015     LAW OFFICE OF MARLENE G. WEINSTEIN

By: /s/ Marlene Gay Weinstein
MARLENE G. WEINSTEIN
Attorney for Kari Bowyer
Chapter 7 Trustee

Motion For Order Approving
Compromise of Controversy            7